## Baer v. Baer.

*Divorce—Cruel and barbarous treatment—Condonation—Non-support.*

1. If a woman forgives ill-usage and returns to her husband on promises of good usage, she cannot obtain a divorce on account of said ill-usage if the promises of good usage have been faithfully kept by her husband and she again leaves him from caprice or failure to provide for her.

2. The statutes governing the granting of divorces do not recognize non-support as a cause of divorce.

Exceptions to master's report refusing divorce. C. P. Somerset Co., Dec. T., 1922, No. 236.

*Boose & Boose,* for libellant.

BERKEY, P. J., Jan. 15, 1924.—The libel charges *(a)* wilful and malicious desertion by the respondent; *(b)* cruel and barbarous treatment by respondent, endangering the life of the libellant; and *(c)* offering such indignities to her person as to render her condition intolerable and life burdensome.

There was service on the respondent by publication.

There was no appearance by him, and the hearing before the master was *ex parte.* The evidence in the case was by libellant, a sister and the sister's husband.

The evidence warrants the finding of the following

### Facts.

1. There was no wilful and malicious desertion by the respondent of the libellant.

2. That for a period covering several years, while the parties were living in the village of Listie and in the Borough of Somerset, the respondent was guilty of a series of actions and conduct toward his wife that was cruel and barbarous treatment, endangering the life of the libellant.

3. That, as a result of his treatment of her, she properly withdrew from his home on two occasions.

4. After living separate and apart for some time, there was a reconciliation between them and the marital relations were resumed in January, 1920.

5. The libellant again left her husband in November, 1920, and assigned as a reason for leaving him, "Because we didn't have enough to eat."

I would award a decree of divorce on the facts had there not been a reconciliation or [had there been] a similar course of conduct by the respondent thereafter, or similar conduct threatened between January and November, 1920, while the parties were living together, as, under such circumstances, the reconciliation and an effort of a wife to try again certainly would not put

her out of court on the ground of condonation: Augenstein v. Augenstein, 45 Pa. Superior Ct. 258; Lacock v. Lacock, 74 Superior Ct. 378.

But the cases cited hold "if a woman forgives ill-usage and returns to her husband on promises of good usage, she shall not afterwards obtain the protection of the court if those promises have been faithfully kept and she again leaves her husband from caprice."

She testified upon the occurrences after the reconciliation when she left the last time as follows:

By Mr. Boose: "Q. When did you finally leave your husband? A. In November. Q. What year? A. It will be three years till this next October. Q. 1920? A. 1920. Q. How did he treat you during the last time you lived together in Detroit? A. Well, he didn't beat me; of course, we didn't get along just the same as always; he was mean; I couldn't live with him. Q. Why did you leave him the last time? A. Because we didn't have enough to eat." By the master: "Q. Did I understand you correctly to say that he did not abuse you or mistreat you in Detroit, that he merely failed to provide for you? A. Yes, sir."

If he did not furnish sufficient to eat, he was a derelict; but the remedy was a proceeding for support and not a resort to the divorce court, as the statutes governing the granting of divorces do not recognize non-support, as here complained of, as a cause for divorce.

The exceptions to the report of the master are overruled and the divorce refused.						From P. G. Cober, Somerset, Pa.